CLIFF PALEFSKY (SBN 77683)
KEITH EHRMAN (SBN 106985)
McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 421-9292

MICHAEL RUBIN (SBN 80618)
PEDER J. V. THOREEN (SBN 217081)
Altshuler, Berzon, Nussbaum, Rubin & Demain
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Attorneys for Plaintiffs

FRAMROZE M. VIRJEE (SBN 120401)
DAVID L. HERRON (SBN 158881)
ADAM J. KARR (SBN 212288)
O'Melveny & Myers, LLP
400 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6230

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DOUGLAS FRAZIER,<br><br>Individually and on behalf of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>CITICORP INVESTMENT SERVICES, INC., DOES 1-25 inclusive,<br><br>Defendant. | e No. CV-05-01235 (CW)<br><br>CLASS ACTION<br><br>STIPULATION AND [PROPOSED] ORDER REGARDING NOTICE TO ADDITIONAL CLASS MEMBERS AND CONTINUANCE OF FAIRNESS AND FEE APPROVAL HEARINGS<br><br>*AS MODIFIED* |

STIPULATION AND [PROPOSED] ORDER RE: ADDITIONAL CLASS MEMBERS

1      **WHEREAS**, on May 12, 2006, this Court preliminarily approved the settlement of this class action and provisionally certified a class consisting of "all current and former employees who work or worked for CIS as Financial Executives at any time between February 17, 1999 through May 12, 2006, who were assessed by CIS a disciplinary fine for one or more violations of a workplace or industry rule or policy and paid that fine by check to CIS";

     **WHEREAS**, pursuant to this Court's May 12, 2006, order, the following timeline leading up to the Fairness Hearing was adopted: (1) June 20, 2006 (Notices Mailed and E-mailed to Class Members); (2) August 11, 2006 (Last Day to File Objections or Opt-Out Notices); and (3) September 8, 2006 (Fairness Hearing and Fee Approval Hearing);

     **WHEREAS**, the parties, through an outside claims administrator, provided notice to 1057 class members (the "Original Class Members") on June 20, 2006, and one Original Class Member has opted-out of the settlement and no Original Class Member has filed an objection to the settlement;

     **WHEREAS**, pursuant to the terms of the settlement, no Original Class Member may raise an objection at the Fairness Hearing unless that objection was sent to the parties and the court by no later than August 11, 2006, and no such objection has been received and, therefore, no Original Class Member is entitled to raise an objection at the currently scheduled Fairness Hearing;

     **WHEREAS**, during the course of a secondary review of CIS's files conducted in connection with administering the settlement, CIS discovered a discrete number of previously unidentified checks evidencing that a limited number of individuals who are members of the class as defined were not provided notice of the settlement;

     **WHEREAS**, the total number of additional class members is under 50 (the "Additional Class Members") and CIS is in the process of verifying the exact number;

     **WHEREAS**, the parties did not become aware of the Additional Class Members until the end of August 2006;

1     WHEREAS, the parties seek a continuance of the Fairness Hearing and Fee Approval Hearing (both currently scheduled for September 8, 2006) until October 20, 2006, to allow sufficient time to provide notice to the Additional Class Members and provide them an opportunity to participate in the settlement (and/or object to or opt-out);

    WHEREAS, the parties have agreed to a schedule, subject to court approval, that provides sufficient time and opportunity for Additional Class Members to participate without significantly delaying the existing schedule for payments to be made to Original Class Members;

    WHEREAS, the parties stipulate and seek court approval of the following timeline and expedited process regarding supplying notice and an opportunity to participate in the settlement to the Additional Class Members:

    (1) **September 15, 2006** -- Last date to mail and e-mail notice to the Additional Class Members in the form attached hereto as Exhibit A (such notice is identical to the notice provided to the Original Class Members with the exception of the dates noted below);

    (2) **October 10, 2006** -- Last date for Additional Class Members to file objections or opt-out of settlement;

    (3) **October 20, 2006** -- Date of Fairness Hearing and Fee Approval Hearing.

    **NOW, THEREFORE, IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES HERETO, THROUGH THEIR RESPECTIVE COUNSEL OF RECORD, AS FOLLOWS:**

    (1)    The Fairness Hearing and the Fee Approval Hearing, both currently scheduled for September 8, 2006, are continued until October 20, 2006, at 10:00 a.m.

    (2)    The notice attached hereto as Exhibit A, which the Court approved in its prior form and has only been modified to reflect the modified timeline for Additional

1 | Class Members, shall be sent to the Additional Class Members on or before September 15, 2006, in the manner provided for in the parties' Settlement Stipulation as previously approved by the Court on May 12, 2006.

(3) Any Additional Class Member who wishes to file an objection to the Settlement must submit such an objection in writing, to be received no later than October 10, 2006 by Plaintiffs' Counsel, CIS's Counsel, and the Court, at the following addresses:

> Cliff Palefsky
> McGuinn, Hillsman & Palefsky
> 535 Pacific Avenue
> San Francisco, CA 94133
>
> Michael Rubin
> Altshuler, Berzon, Nussbaum, Rubin & Demain
> 177 Post Street, Suite 300
> San Francisco, CA 94108
>
> Adam Karr
> O'Melveny & Myers, LLP
> 400 South Hope Street
> Los Angeles, CA 90071
>
> Frazier v. CIS, No. CV 05-01235 (CW)
> United States District Court for the N. D. California
> 1301 Clay Street, Suite 400 S
> Oakland, CA 94612-5212

No Additional Class Member shall be permitted to assert an objection, or to have any objection considered at the Fairness Hearing, unless that Additional Class Member has submitted a timely objection stating the reasons therefore.

(4) Any Additional Class Member who wishes to opt out of the Settlement must submit an opt-out notice, to be received no later than October 10, 2006 by Plaintiffs' Counsel, CIS's Counsel, and the Court, at the addresses set forth in the preceding paragraph. To be valid and effective, an opt-out notice must state the opting-out Additional Class Member's name (and, where different, any other name(s) used during the Additional Class Member's period of employment with CIS), employee number or social security number, address and telephone number, must attach a copy of his or her individualized Mailed Notice, must be signed by the Class Member, must be

timely received by Plaintiffs' Counsel, CIS, and the Court, and must contain the following statement:

> I, [NAME] am a Class Member who was or is employed by CIS between [DATES of EMPLOYMENT] in [WORK LOCATION] in the capacity of a [JOB TITLE]. I hereby exercise my right to opt out of the Settlement, knowing that by doing so I waive any and all rights I may have to participate in that Settlement and to be paid any portion of the settlement proceeds that I would otherwise be eligible to receive under that Settlement.

(5) The following schedule shall govern the claims of Additional Class Members in this action:

| | |
|---|---|
| Notices Mailed and E-Mailed to Additional Class Members: | September 15, 2006 |
| Last Day to File Objections or Opt-Out Notices: | October 10, 2006 |
| Fairness Hearing and Fee Approval Hearing: | October ~~17~~ 30, 2006 |
| Deadline for payments of claims to all plaintiffs: | 30 calendar days after Settlement Effective Date. |

**[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]**

(6) Except as to those matters noted herein, the terms of the Settlement Stipulation previously filed by the parties and approved by the Court on May 12, 2006, shall remain in full force and effect as to the Original Class Members, the Additional Class Members, and the parties.

**IT IS SO STIPULATED AND AGREED:**

Altshuler, Berzon, Nussbaum  
Rubin & Demain

McGuinn, Hillsman & Palefsky

O'Melveny & Myers LLP

_/s/_  
Attorneys for Plaintiffs

_/s/_  
Attorneys for Defendant

IT IS SO ORDERED; *except that hearing will be on 10/20/06*

DATED: 9/7/06

HONORABLE CLAUDIA WILKEN  
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DOUGLAS FRAZIER,<br><br>Individually and on behalf of a class of similarly situated persons,<br><br>           Plaintiff,<br><br>v.<br><br>CITICORP INVESTMENT SERVICES, INC., DOES 1-25 inclusive,<br><br>           Defendant. | E No. CV-05-01235 (CW)<br><br>**[PROPOSED] NOTICE TO ADDITIONAL CLASS MEMBERS RE PROPOSED CLASS ACTION SETTLEMENT** |

**PLEASE READ THIS COURT-APPROVED NOTICE CAREFULLY
YOUR LEGAL RIGHTS MAY BE AFFECTED**

## I. INTRODUCTION

You will be entitled to reimbursement of any disciplinary fines you paid to Citicorp Investment Services, Inc. ("CIS") between February 17, 1999 and May 12, 2006, if the U.S. District Court approves the proposed class action settlement in *Frazier v. Citicorp Investment Services, Inc.*, No. CV-05-01235 (CW) (N.D. Cal.). If that settlement is approved at the scheduled October 20, 2006 Fairness Hearing, CIS will reimburse any disciplinary fines that you paid to CIS by check during the Covered Period, and will separately pay reasonable attorneys' fees to Plaintiffs' Counsel as determined by the Court.

**You are not required to take any affirmative steps to participate in this settlement.** However, if you choose to object to the settlement or to opt out of the plaintiff class you may do so, under the procedures described below.

**CIS and Plaintiffs' Counsel encourage you not to opt out of this settlement.** CIS will not penalize participating employees or former employees in any way. Federal and State law prohibit any employer from retaliating in any manner against any current or former employee who joins or participates in a lawsuit seeking back wages.

To review a copy of the complete Settlement Agreement, or to contact Plaintiffs' Counsel, please visit www.gilardi.com/citicorp.

The purpose of this Notice is to inform you that the Class Representative's claims have been resolved, and to advise you of the terms of the pending Settlement Agreement and your rights under it. Because you have received this Notice, you are one of CIS's former or current FEs who may be entitled to participate in the settlement and receive a Fine Reimbursement according to the terms of the Settlement Agreement.

This Notice will provide instructions regarding the options available to you. In particular, it will explain how you can participate in this settlement, elect not to participate in this settlement, or take other actions. If you take no action, you will receive a Fine Reimbursement, if applicable, and be bound by the Settlement Agreement and the Judgment entered pursuant to the Settlement Agreement.

Please understand that this is not a notice of a lawsuit against you. You have not been sued. Please review this Notice and consider the options it outlines. This is a notice of your right to participate in a settlement.

## II. DESCRIPTION OF THE UNDERLYING CLAIM.

On February 17, 2005, Class Representative Douglas Frazier filed a class action lawsuit on his own behalf and on behalf of certain current and former employees of CIS who held the position of Financial Executive ("FE"). The Class Representative alleged that CIS unlawfully assessed fines against him and similarly situated employees on or after February 17, 1999 in violation of New York Labor Law §193, New York Labor Law §198-b, and other state laws.

Although CIS denies these allegations, it has chosen to resolve the matter based upon the terms and conditions set forth in the Settlement Agreement now before the Court for approval.

The Settlement Agreement provides for the certification of a class, for settlement purposes only, consisting of current or former employees who work or worked for CIS as FEs at any time between February 17, 1999 and May 12, 2006, who were assessed by CIS a disciplinary fine for one or more violations of a workplace or industry rule or policy and paid that fine by check to CIS.

Subject to Court approval and other conditions, this settlement will provide full reimbursement of fines (without payment of interest or statutory penalties) to Class Members who do not opt out of this settlement. CIS has also warranted in the Settlement Agreement that it has withdrawn and no longer enforces the disciplinary fines policies challenged in this lawsuit. The terms of this settlement are discussed in greater detail below.

## III. CERTIFICATION AND HEARING THEREON.

On or about May 12, 2006, the U.S. District Court in Oakland, California granted preliminary approval of the settlement of this matter as a class action and scheduled a Fairness Hearing to consider final approval for October 20, 2006 at 10 a.m.

The Fairness Hearing will take place in the courtroom of the Honorable Claudia Wilken, United States District Court for the Northern District of California, 1301 Clay Street, Suite 400 S, Oakland, CA 94612-5212. **<u>Attendance at this hearing is completely optional; attendance at the hearing is not required to participate in the settlement or to opt out of the lawsuit.</u>**

If you wish to participate in the proposed settlement, you do not need to take any action now and you do not need to appear or otherwise participate in the upcoming Fairness Hearing. If the Court approves the settlement at the Fairness Hearing, all Class Members who have not opted out will receive Settlement Checks under the terms of the Settlement Agreement.

In addition to scheduling the October Fairness Hearing, the Court approved this Notice and approved the parties' request to mail this Notice to all Class Members and to email it to current employee Class Members. The Court's conditional certification order does not reflect the Court's opinion on the merits of any claim or defense raised by the parties.

A full copy of the conditional certification order, as well as other public documents filed in this case including the Settlement Agreement, is available at www.gilardi.com/citicorp and can also be inspected and copied in the Office of the Court Clerk. The Office of the Clerk is located at 1301 Clay Street, Suite 400 S, Oakland, CA 94612-5212.

**IV. SETTLEMENT.**

Under the terms of the Settlement Agreement, Class Members who do not opt out of the settlement will receive a Fine Reimbursement and will remain subject to the Judgment and will release all Released Claims as described below.

The gross value of all Fine Reimbursements for all Class Members under the Settlement Agreement is approximately $460,000.00. Each Class Member who does not opt out of the Settlement Agreement shall receive a Fine Reimbursement equal to 100% of the Fine(s) paid by the Class Member to CIS during the Covered Period (i.e.,

4

February 17, 1999, through May 12, 2006), but that amount does not include any amount deducted or withheld by CIS from a Class Member's compensation.

Pursuant to the Settlement Agreement and subject to approval by the Court, the attorneys for the Class Representative and the Class ("Plaintiffs' Counsel") will seek an award of attorneys' fees, separate and apart from the Fine Reimbursements, of up to $140,000.00 from CIS. Plaintiffs' Counsel will also request that the Court approve an award of $10,000.00 for the Class Representative for his efforts in this Litigation. This award will be in addition to any claim the Class Representative may make as a Class Member.

CIS will, separate and apart from the Fine Reimbursements and attorneys' fees, be responsible for the costs of notice and administration of this settlement.

**Only those individuals who remain members of the Class will be eligible to participate in this settlement and to receive the payments and other benefits provided for in the Settlement Agreement. All individuals who do not opt out will be subject to the Judgment and bound by the waiver and release of the Released Claims. On the other hand, those Class Members who opt out of the Settlement Agreement will not be eligible to receive any payments under this settlement, nor will they be bound by the Judgment and waiver and release of the Released Claims.** No representation is made by the Class Representative, Plaintiffs' Counsel or CIS concerning the tax consequences of this settlement or your election to participate in the settlement.

**V. THE RIGHTS AND OPTIONS OF CLASS MEMBERS.**

Because you have received this Notice, you are currently a member of the conditionally-certified Class. You have four options:

**First**, unless it is necessary to update your mailing address, you may remain a member of the Settlement Class and, if eligible, participate in the settlement by taking no action at all. Class Members who choose this option and remain in the Settlement Class will be represented by the Class Representative and Plaintiffs' Counsel. There are two law firms acting as Plaintiffs' Counsel in this matter:

1    (1)   Altshuler, Berzon, Nussbaum, Rubin & Demain, 177 Post Street, Suite 300, San Francisco, California 94108, (415) 421-7151; and

     (2)   McGuinn, Hillsman & Palefsky, 535 Pacific Avenue, San Francisco, California, 94133, (415) 421-9292.

(If you need to update your mailing address, see Section X of this Notice).

If you choose to remain a member of the Settlement Class, you will receive a Fine Reimbursement pursuant to the Settlement Agreement. All Class Members who do not opt out of the settlement (per the procedure discussed herein), will be deemed to have forever released and discharged all claims and causes of action against CIS, its parents, subsidiaries, and affiliates, alleged in the Complaint and as described herein. The Release includes and is limited to any and all claims by any Class Member under any applicable state or federal laws based upon CIS's policy or practice of imposing or assessing any fine or penalty upon the Class Member during the Covered Period applicable to that Class Member, which such Class Member was required to satisfy by rendering payment by check of the fine or penalty to CIS (as opposed to a unilateral deduction or withholding by CIS of the amount from the Class Member's compensation). The release includes the Complaint's claims alleging statutory violations based on the referenced CIS policies, as well as the Complaint's claims alleging breach of contract, breach of the covenant of good faith and fair dealing, and conversion, based on the referenced CIS policies. The release of these claims also includes a release of any claim or prayer for penalties, pre or post-judgment interest, disgorgement, restitution, punitive or exemplary damages, and injunctive or declaratory relief to which the releasing parties might be entitled under any applicable state or federal law based upon such CIS policies or practices. Any claim by a Class Member that is not raised in the Complaint, as described above, is not covered by the Release. For example, this Release does not release any claim or potential claim for unpaid wages, bonuses, or commissions, or for any disciplinary fines that were deducted from your income (rather than being paid by you to CIS by check).

1         **Second**, Class Members may participate in this lawsuit at their own expense by obtaining their own attorneys. Class Members who choose this option will be responsible for any attorneys' fees or costs incurred as a result of this election.

        **Third**, Class Members may file an objection to this settlement by submitting such an objection in writing, to be received no later than October 10, 2006 by Plaintiffs' Counsel, CIS's Counsel, and the Court, at the following addresses:

        Cliff Palefsky
        McGuinn, Hillsman & Palefsky
        535 Pacific Avenue
        San Francisco, CA 94133

        Michael Rubin
        Altshuler, Berzon, Nussbaum, Rubin & Demain
        177 Post Street, Suite 300
        San Francisco, CA 94108

        Adam Karr
        O'Melveny & Myers, LLP
        400 South Hope Street
        Los Angeles, CA 90071

        Frazier v. CIS, No. CV 05-01235 (CW)
        United States District Court for the N. D. California
        1301 Clay Street, Suite 400 S
        Oakland, CA 94612-5212

No Class Member shall be permitted to assert an objection, or to have any objection considered at the Fairness Hearing, unless that Class Member has submitted a timely objection stating the reasons therefore.

        **Fourth**, Class Members who wish to opt out of this Settlement must submit an opt-out notice, to be received no later than October 10, 2006, by Plaintiffs' Counsel, CIS' Counsel, and the Court, at the addresses set forth in the preceding paragraph. To be valid and effective, an opt-out notice must state the opting-out Class Member's name (and, where different, any other name(s) used during the Class Member's period of employment with CIS), employee number or social security number, address and telephone number, must attach a copy of his or her Mailed Notice, must be signed by the

Class Member, must be timely received by Plaintiffs' Counsel, CIS, and the Court, and must contain the following statement:

"I, [NAME] am a Class Member who was or is employed by CIS between [DATES of EMPLOYMENT] in [WORK LOCATION] in the capacity of a [JOB TITLE]. I hereby exercise my right to opt out of the Settlement Agreement, knowing that by doing so I waive any and all rights I may have to participate in the Settlement Agreement and to be paid any portion of the settlement proceeds that I would otherwise be eligible to receive under the Settlement Agreement."

**Class Members who opt out of this lawsuit and the Settlement Agreement forfeit their right to payment under the Settlement Agreement as described herein.**

## VI. FINE REIMBURSEMENT CHALLENGES.

If, following receipt of a Fine Reimbursement, a Class Member can demonstrate through documentary evidence (such as check stubs, work e-mails, correspondence, etc.) that he or she paid or reimbursed CIS for a greater amount of Fines during the applicable Covered Period than the amount calculated by CIS, the Class Member may submit the documentary evidence to the Claims Administrator at *Frazier v. Citicorp Investment Services, Inc.*, c/o Gilardi & Co. LLC, P.O. Box 8060, San Rafael, CA 94912-8060 with a copy to CIS and Plaintiffs' Counsel and request a re-calculation of his or her Fine Reimbursement based on such different data. Any such submission must be received by the Claims Administrator within 30 days after the postmark date of the mailing of the Class Member's Settlement Check. CIS shall review such submissions in good faith, and shall adjust the amount of any Settlement Check so challenged no later than 30 days after the submission is received by the Claims Administrator, if CIS finds the challenge sufficiently supported by documentary evidence. If CIS does not agree to accept the information provided by a Class Member and to re-calculate the settlement amount, the Class Member and CIS shall attempt to resolve their differences informally. In the absence of agreement, the Class Member may submit the matter to the Claims

Administrator who will act in the capacity of a Special Master, with the costs of the Claims Administrator acting as a Special Master to be shared equally between CIS and the Class Member disputing CIS's determination unless the Special Master otherwise orders. The Claims Administrator's/Special Master's decision shall be final and binding.

## VII. THE PEOPLE RECEIVING THIS NOTICE.

The Class Representative has brought this action as a class action. In class actions, an individual or individuals may make a claim or claims on behalf of themselves and others who are in similar situations or have similar claims. In other words, the Class Representative is seeking to represent those who are similarly situated and thus may also have similar or related claims. To ensure that all Class Members are given an adequate opportunity to protect their rights, this Notice is being mailed to the last known address of each Class Member and, in the case of current CIS employees, to their current work email address.

## VIII. HEARING ON SETTLEMENT.

The Court will hold a Fairness Hearing to determine whether the proposed settlement is fair, reasonable, and adequate on October 20, 2006. This hearing will take place in the courtroom of the Honorable Claudia Wilken, United States District Court for the Northern District of California, 1301 Clay Street, Suite 400 S, Oakland, CA 94612-5212. Prior to this hearing, Class Members may submit any written objections to the Settlement by complying with the procedure set forth in section V of this Notice. **Attendance at this hearing is completely optional; attendance at the hearing is not required to participate in the settlement or to opt out of the lawsuit.**

## IX. EXAMINATION OF PAPERS FILED IN THIS ACTION.

This Notice does not contain a complete description of the action and the settlement. Members of the public, including but not limited to those whose rights may be affected by this action and settlement, may inspect the files at the Office of the Court Clerk at the following address: United States District Court for the Northern District of California, 1301 Clay Street, Suite 400 S, Oakland, CA 94612-5212.

**PLEASE DO NOT CALL OR WRITE THE COURT OR THE CLERK OF THE COURT WITH QUESTIONS REGARDING THIS ACTION.**

## X. CORRECTIONS TO NAME OR ADDRESS.

If, for any future reference or mailings, you wish to change the name or address listed on the envelope in which this Notice was sent, please complete, execute and mail the form entitled "Change of Name and/or Address Information" attached to this Notice as Form A.

**THIS NOTICE IS SENT BY THE PARTIES (WITH THE APPROVAL OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA.)**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FORM A [ADDRESS CHANGE]

## NOTICE TO CLASS MEMBERS RE: PENDENCY OF A CLASS ACTION AND NOTICE OF HEARING ON PROPOSED SETTLEMENT THEREOF

NOTICE TO ADDITIONAL CLASS MEMBERS

## CHANGE OF NAME AND/OR ADDRESS INFORMATION

Pursuant to Paragraph X of the Notice, I wish to change my name and/or mailing address information to the following:

<u>Name</u>:

<u>Street and Apt. No., if any</u>:

<u>City, State and Zip Code</u>:

For purposes of verification only, I provide the following information:

<u>Date of Hire</u>:

<u>Date of Termination (if applicable)</u>:

<u>Position(s)/Title(s)</u>:

I understand that all future correspondence in this action, including but not necessarily limited to important notices or payments to which I am entitled (if any), will be sent to the address listed above and not to the address previously used. I hereby request and consent to the use of the address listed above for these purposes.

DATED: _____, 2006.      Submitted By:

_____
Print Name

_____
Signature

PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:

*Frazier v. Citicorp Investment Services, Inc.*, c/o Gilardi & Co. LLC, P.O. Box 8060, San Rafael, CA 94912-8060

**THIS FORM MUST BE RECEIVED BY OCTOBER 17, 2006
TO CHANGE YOUR ADDRESS**

LA3:1122485.2